IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH SCOTT, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action<br>No. 17-8389 (JBS-KMW) |
| DR. MCGANN, et al., | |
| Defendants. | **OPINION** |

APPEARANCES:

Joseph Scott, Plaintiff Pro Se
#04194-015
FCI Fairton
P.O. Box 420
Fairton, NJ 08320

**SIMANDLE, District Judge:**

I.    **INTRODUCTION**

Before the Court is Plaintiff Joseph Scott's ("Plaintiff"),

submission of a civil rights complaint, Docket Entry 1, and

motion for injunctive relief, Docket Entry 4.[1] At this time, the

Court must review the complaint, pursuant to 28 U.S.C. § 1915 to

determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant

---

[1] Plaintiff submitted a motion for injunctive relief with his
complaint. It is identical to the motion filed as Docket Entry
4.

who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint will proceed in part. Defendants shall respond to the motion for injunctive relief with their answer.

## II. BACKGROUND

Plaintiff brings this civil rights action against Dr. Stephany McGann, Nurse Denise Rodriguez, Candice Johnson, and the Utilization Review Committee of FCI Fairton. He also seeks to bring a Federal Tort Claims Act ("FTCA") claim against the United States. The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the truth of Plaintiff's allegations.

Plaintiff is a convicted and sentenced federal prisoner currently confined at FCI Fairton, New Jersey. Plaintiff states that he complained of pain in his left shoulder on August 12, 2016. Complaint ¶ 10. He received an x-ray on August 23, 2016. *Id.* ¶ 11. In March 2017, he complained to Dr. McGann that he was still suffering from "excruciating" pain. She told him to get over-the-counter pain medication from the prison store. *Id.* ¶ 12. Dr. McGann and Nurse Rodriguez did not examine Plaintiff or refer him to a specialist before "informing him that he would not see a[n] outside doctor or receive a MRI." *Id.* ¶ 13. Ms.

Johnson denied Plaintiff's request for relief from Nurse Rodriguez's decisions. *Id.* ¶ 15.

Plaintiff made multiple requests for MRI scans of his left shoulder and for a visit to an orthopedist, but the Utilization Review Committee denied all of them. *Id.* ¶¶ 16-17. Plaintiff alleges Dr. McGann denied the orthopedic consultation due to cost. *Id.* ¶ 18. Plaintiff alleges defendants were deliberately indifferent to his serious medical needs.

Plaintiff further asks the Court to order defendants to arrange for "Plaintiff to be examined by a qualified orthopedic specialist and to obtain from that specialist an evaluation of the condition of Plaintiff's right shoulder, and right bicep and a prescription for a course of physical therapy that will restore and maintain the full function of his right shoulder."[2] Motion for Injunctive Relief at 2.

## III. STANDARD OF REVIEW

### A. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see*

---

[2] The Court presumes Plaintiff's references to his right shoulder are in error as the complaint alleges he was having pain in his left shoulder.

28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915 because Plaintiff is a prisoner proceeding *in forma pauperis*.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[3] the complaint must

---

[3] "[T]he legal standard for dismissing a complaint for failure to state a claim . . . is identical to the legal standard employed in ruling on 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## B. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*

In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court created a limited federal counterpart to the remedy created in 42 U.S.C. § 1983. *See Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004) ("*Bivens* actions are simply the federal counterpart to § 1983 claims brought against state officials"), *cert. denied*, 543 U.S. 1049 (2005). In order to state a claim under *Bivens*, a plaintiff must allege: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by a person acting under

color of federal law. *See Couden v. Duffy*, 446 F.3d 483, 491 (3d Cir. 2006). *But see Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017) (holding that federal courts should exercise caution before extending the *Bivens* remedy to claims that are meaningfully different than "the three *Bivens* claims the Court has approved in the past: a claim against FBI agents for handcuffing a man in his own home without a warrant; a claim against a Congressman for firing his female secretary; and a claim against prison officials for failure to treat an inmate's asthma.").

## IV. ANALYSIS

Plaintiff alleges defendants failed to protect him from a substantial risk of serious harm, were deliberately indifferent to his medical needs, and were negligent.

### A. *Bivens* Claims

Plaintiff's constitutional claims against the United States and the federal employees in their official capacities are barred by sovereign immunity. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted). Similarly, federal officials sued in their official capacities are immune from suit. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (a suit against a federal officer in his official capacity is actually a suit against the United States).

Other courts in this circuit have concluded that "the Medical Staff Utilization Review Committee, in its capacity as a governmental entity, is not a proper defendant in an action brought pursuant to *Bivens*." *Burnside v. M. Warnick*, No. 4:05-1845, 2005 WL 3071690, at *3 (M.D. Pa. Nov. 16, 2005) (citing cases). The Court agrees. Plaintiff's *Bivens* claims against the United States, the Utilization Review Committee, and the individual defendants in their official capacities are dismissed with prejudice.

Plaintiff has two claims based on the Eighth Amendment: denial of medical care and failure to protect. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Id*. at 106. The Court presumes for screening purposes only that Plaintiff has alleged a serious medical need.

Construing the complaint liberally and giving Plaintiff the benefit of all reasonable inferences, he has sufficiently alleged an Eighth Amendment claim for denial of medical care, which is not a new *Bivens* context under *Ziglar*. *Carlson v.*

*Green*, 446 U.S. 14 (1980). "The hallmark of an Eighth Amendment violation arises when such medical treatment, or the withholding of medical treatment, is accompanied by knowing indifference to the pain or risk of serious injury this will cause, such as by 'persistent conduct in the face of resultant pain and risk of permanent injury.'" *Andrews v. Camden Cnty.*, 95 F. Supp. 2d 217, 228 (D.N.J. 2000) (quoting *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990)). Plaintiff alleges that in spite of informing defendants that he has been in excruciating pain for over a year, they have refused to provide him with care for non-medical reasons, namely the cost of treatment.

Plaintiff also alleges defendants failed to protect him by not acting on "their knowledge of a substantial risk of serious harm to Plaintiff violated his Eighth Amendment Right to be free from deliberate indifference to his safety and health." Complaint ¶ 29. A prison official cannot be found liable under the Eighth Amendment for failure to protect an inmate unless the official subjectively knew of and chose to disregard a substantial risk of serious harm to an inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). As the Court is permitting the denial of medical care claim to proceed, it will also permit this claim to proceed against Dr. McGann, Nurse Rodriguez, and Ms. Johnson, subject to briefing by the

parties of the effect of *Ziglar* on an implied *Bivens* cause of action.

## B. Federal Tort Claims Act

Plaintiff also seeks to bring a negligence claim under the FTCA. The FTCA "operates as a limited waiver of the United States's sovereign immunity." *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010). Under the Act, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. "The Government is the only proper defendant in a case brought under the FTCA." *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008). The Court will therefore dismiss all negligence claims against all defendants other than the United States.

A plaintiff suing under the Act must present the offending agency, in this case the BOP, with notice of the claim, including a "sum certain" demand for monetary damages. *White-Squire*, 592 F.3d at 457. "Because the requirements of presentation and a demand for a sum certain are among the terms defining the United States's consent to be sued, they are jurisdictional." *Id.* (citing *United States v. Sherwood*, 312 U.S. 584, 587 (1941)). These requirements cannot be waived. *Id.* (citing *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971)). Plaintiff states he filed an administrative tort claim.

The Court therefore presumes for screening purposes only that the jurisdictional requirement of the FTCA has been satisfied.

Giving Plaintiff the benefit of all reasonable inferences of the facts alleged in the complaint, he has sufficiently alleged defendants negligently deviated from the prevailing professional standard of medical care. The Court will permit this claim to proceed against the United States under the FTCA and will require an answer or other responsive pleading.

## C. Injunctive Relief

Plaintiff also requests this Court provide injunctive relief in the form of an order requiring Defendants to provide him with a MRI and any other necessary medical care. To secure the extraordinary relief of a preliminary injunction, Petitioner must demonstrate "(1) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *KOS Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). All four elements must be satisfied in order to grant the injunction. *Roberts v. Ferman*, 448 F. App'x 254, 256 (3d Cir. 2011).

A court "may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages

sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). A narrow exception to the requirement exists when "a balance of the equities of the potential hardships that each party would suffer as result of a preliminary injunction . . . weighs overwhelmingly in favor of the party seeking the injunction." *Elliott v. Kiesewetter*, 98 F.3d 47, 60 (3d Cir. 1996); *see also Temple Univ. v. White*, 941 F.2d 201, 220 (3d Cir. 1991)(adopting balance of equities exception to bond requirement).

The remaining Defendants shall show cause why an injunction should not issue along with their responsive pleading. *See* Fed. R. Civ. P. 65(a)(1).

## V.  CONCLUSION

For the reasons stated above, Plaintiff's Eighth Amendment claims will proceed against Dr. McGann, Nurse Rodriguez, and Ms. Johnson. The FTCA claim will proceed against the United States. The remaining claims are dismissed and shall not proceed. Defendants shall respond to the motion for injunctive relief with their responsive pleadings.

An appropriate order follows.

**December 8, 2017**          **s/ Jerome B. Simandle**
Date                                       JEROME B. SIMANDLE
                                                U.S. District Judge